```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

MICHAEL C. BURNS,                :
                                 :    Civil Action No. 08-5070 (NLH)
          Petitioner,            :
                                 :
     v.                          :    **OPINION**
                                 :
WARDEN JUEL E. COLE,             :
                                 :
          Respondent.            :

**APPEARANCES**:

    MICHAEL C. BURNS, Petitioner pro se
    #95924
    Burlington County Jail
    P.O. Box 6000
    Mount Holly, New Jersey 08060

**HILLMAN**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Michael C. Burns ("Burns"), on or about October 15, 2008. Petitioner submitted an application to proceed in forma pauperis, but he did not provide a certification from an authorized officer at the Burlington County Jail Prison certifying the amount presently on deposit in petitioner's institutional account, as required by Local Civil Rule 81.2(b).  Burns did provide his institutional account statement for the past six months, which indicates that he had an available balance of over $200.00 in June 2008.  For the reasons stated below, however, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

I.   BACKGROUND

According to the allegations contained in the petition, Burns is a state prisoner was sentenced pursuant to a state court judgment of conviction entered in the Mount Laurel Municipal Court in the State of New Jersey, Burlington County, sometime in August 2008.  Burns does not indicate the charges for which he was convicted.

Burns states that, on August 22, 2008, he filed an appeal from this conviction with the Superior Court of New Jersey, Appellate Division, with copies to the New Jersey Attorney General and the Mount Laurel Municipal Court.  The Appellate Division informed Burns that his appeal was filed in error and that said appeal should have been filed in the Superior Court of New Jersey, Law Division, Burlington County.

On September 15, 2008, Burns filed a petition for a writ of habeas corpus with the Warden; the Burlington County Criminal Division Manager; the presiding judge in the Superior Court of New Jersey, Burlington County; and the Burlington County Prosecutor's Office.  He claims that he has never received a response to his petition.

On October 8, 2008, Burns filed an appeal from his municipal conviction with the Superior Court of New Jersey, Burlington County.  Again, Burns contends that he has not received any

response to his appeal.  Consequently, Burns brings this habeas petition under 28 U.S.C. § 2254.

Burns seeks his immediate release from jail, arguing that the municipal court judge did not give him credit for the time he served in jail awaiting trial.

## II.  ANALYSIS

### A.  Pro Se Pleading

Burns brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render

3

such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

4

order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

   The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

   Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Burns has failed to exhaust his state court remedies with respect to the challenged state (municipal) court conviction. Burns admits that he recently filed a direct appeal from his conviction with the Superior Court of New Jersey, Burlington County, on October 8, 2008, but he has not received a response to his petition, even though his petition was filed little more than a week before he submitted this application for habeas relief. Consequently, it would appear that Burns' state court appeal is still pending.

As a matter of comity then, it is best left to the New Jersey courts to determine Burns' unexhausted claims pending on direct appeal. There is simply no basis for this Court to interfere with the normal state court process of direct appellate review, especially where petitioner has not demonstrated any serious or unlawful delay or impediment in the state court review process. Nor has petitioner alleged any federal constitutional deprivation in his state court appeal process that would support federal court intervention in the pending state court procedures at issue. Therefore, based on the allegations represented by Burns in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that such claims are still pending final state direct review. Accordingly, the Court

is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, this court finds that Burns has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


                                     s/Noel L. Hillman
                                     NOEL L. HILLMAN
                                     United States District Judge

At Camden, New Jersey
DATED: October 28, 2008