**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL C. BURNS, | : | |
| | : | Civil Action No. 08-5070 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| WARDEN JUEL E. COLE, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    MICHAEL C. BURNS, Petitioner pro se
    #95924
    P.O. Box 6000
    Mount Holly, New Jersey 08060

**HILLMAN**, District Judge

This matter comes before the Court upon pro se petitioner, Michael C. Burns' ("Burns") motion to re-open his case, which was dismissed by Opinion and Order of this Court on October 28, 2008. (Docket Entry Nos. 2 and 3). This Court will construe Burns' application as a motion for reconsideration of this Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Burns filed his motion on or about November 3, 2008.[1] (Docket Entry No. 5).

---

[1] Pursuant to the "prison mailbox rule," pleadings filed by prisoners are deemed filed on the date the prisoner delivers same to prison officials for mailing, not on the date the pleading is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

On or about October 15, 2008, Burns filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his August 2008 New Jersey state court conviction. Burns stated in his habeas petition that, on August 22, 2008, he filed an appeal from his state court conviction with the Superior Court of New Jersey, Appellate Division, with copies to the New Jersey Attorney General and the Mount Laurel Municipal Court. The Appellate Division informed Burns that his appeal was filed in error and that said appeal should have been filed in the Superior Court of New Jersey, Law Division, Burlington County.

---

Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Burns handed his motion for reconsideration to prison officials for mailing, the letter motion was dated by petitioner on November 3, 2008. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that November 3, 2008 was the date this motion was filed, and not the date the motion was received by the Clerk of the Court on November 10, 2008.

On September 15, 2008, Burns filed a petition for a writ of habeas corpus with the Warden; the Burlington County Criminal Division Manager; the presiding judge in the Superior Court of New Jersey, Burlington County; and the Burlington County Prosecutor's Office.  He claims that he has never received a response to his petition.

On October 8, 2008, Burns filed an appeal from his municipal conviction with the Superior Court of New Jersey, Burlington County.  Again, Burns contends that he has not received any response to his appeal.  Consequently, Burns filed a habeas petition under 28 U.S.C. § 2254, seeking his immediate release from jail, and arguing that the municipal court judge did not give him credit for the time he served in jail awaiting trial.

In an Opinion and Order filed on October 28, 2008, this Court dismissed the petition without prejudice because Burns admittedly did not exhaust his state court remedies before bringing this federal habeas action.  In fact, Burns admits that he has a direct appeal pending before the Superior Court of New Jersey, Appellate Division at this time.  Accordingly, this Court found no basis to interfere with the normal state court process of direct appellate review, especially where Burns had not demonstrated any serious or unlawful delay or impediment in the state court review process; nor had petitioner alleged any federal constitutional deprivation that would support federal

court intervention in the pending state court proceedings. (October 28, 2008 Opinion at pg. 6, Docket Entry No. 2).

In a letter motion dated November 3, 2008, Burns contends that reconsideration is appropriate because he has exhausted his state court remedies, but the state court will not respond to his appeal.

## II. **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(I) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(I); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an

4

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should

reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Burns fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  Instead, Burns simply disagrees with this Court's assessment of the claims asserted in the petition as unexhausted.

Here, it is clear that petitioner is impatient with the process of his direct appeal in state court.  The claims pressed in his direct appeal challenge his state court conviction.  Thus, by seeking federal court intervention at this time because he wants a decision sooner than later before his sentence expires, Burns is actually trying to circumvent state court review in order to challenge his state court conviction.  Any challenge to his conviction or sentence must be exhausted before he can proceed in this federal habeas action.

Furthermore, Burns does not show any serious delay in the state court appellate process in violation of his Sixth Amendment right to a speedy trial.  He does not indicate that he has requested expedited review that was denied.  Consequently, Burns cannot satisfy the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest

injustice. Burns' only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.[2] He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Burns' motion for reconsideration, and the motion will be denied for lack of merit. An appropriate Order follows.

                                        s/Noel L. Hillman
                                        NOEL L. HILLMAN
                                        United States District Judge

Dated: December 10, 2008

At Camden, New Jersey

---

[2] It appears from a review of the Court docket in this case that Taylor recently filed a Notice of Appeal, on or about June 16, 2008. (See Docket Entry No. 5).